**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-1826**

_____

MARGARETTE BUTLER, a/k/a Margarette Lafond, a/k/a
Margarette Pierre, a/k/a Margarette Pierre Butler, a/k/a
Margarette Lafond Pierre,

Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General,

Respondent.

_____

On Petition for Review of an Order of the Board of Immigration
Appeals.

_____

Submitted: October 7, 2009          Decided: November 6, 2009

_____

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

Margarette Butler, Petitioner Pro Se.  Carol Federighi, Senior
Litigation Counsel, Andrew B. Insenga, Office of Immigration
Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Margarette Butler, a native and citizen of Haiti, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's order denying her applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). We deny the petition for review.

The INA authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a), (b) (2006). It defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

To establish eligibility for withholding of removal, an alien must show a clear probability that, if she was removed to her native country, her "life or freedom would be threatened" on account of a protected ground. 8 U.S.C. § 1231(b)(3)(A) (2006); see Camara v. Ashcroft, 378 F.3d 361, 370 (4th Cir. 2004). A "clear probability" means that it is more likely than

not the alien would be subject to persecution. INS v. Stevic, 467 U.S. 407, 429-30 (1984).

A determination regarding eligibility for withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). This court will reverse the Board only if "the evidence [she] presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002).

Credibility findings are reviewed for substantial evidence. A trier of fact who rejects an applicant's testimony on credibility grounds must offer "specific, cogent reason[s]" for doing so. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989) (internal quotation marks omitted). "Examples of specific and cogent reasons include inconsistent statements, contradictory evidence, and inherently improbable testimony[.]" Tewabe v.

3

Gonzales, 446 F.3d 533, 538 (4th Cir. 2006) (internal quotation marks and citations omitted).

We find substantial evidence supports the adverse credibility finding. Butler's statement indicating she came to the United States after her brother was murdered was clearly inconsistent with her testimony. Furthermore, we find the Board did not abuse its discretion in finding this inconsistency to be significant. We find the record does not compel a different result with respect to the denial of withholding of removal.[*] Likewise, we find substantial evidence supports the Board's finding that Butler did not establish entitlement to relief under the CAT. See 8 C.F.R. § 1208.16(c)(2) (2009) (to qualify for protection under the CAT, a petitioner bears the burden of demonstrating that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal.").

---

[*] We note that the asylum application was denied in the first instance because it was untimely. See 8 U.S.C. § 1158(a)(2)(B) (2006). Butler does not challenge this finding and it will not be reviewed by this court. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).

4

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED